# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EDWARD EARVIN,
    Petitioner,

v.

JOHN A. PALAKOVICH, et al.
    Respondents.

CIVIL ACTION

NO. 08-3181

## Order

YOHN, J.

    And now, this 24th day of March 2009, upon careful consideration of Edward Earvin's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, the government's response thereto, and the Report and Recommendation of United States Magistrate Judge David R. Strawbridge, and no objections to the Report and Recommendation having been filed, **IT IS HEREBY ORDERED** that:

    1.    The Recommendation of United States Magistrate Judge David R. Strawbridge is **APPROVED** and **ADOPTED**[1];

---

[1] Petitioner did not file objections to the Report and Recommendation. When a party has not filed objections to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report and recommendation before accepting it. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985). However, even in the absence of objections "the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987).

    I thoroughly reviewed the record and the dispositive legal issues raised by the § 2254 petition, and though I agree with the magistrate judge's analysis and conclusions, I write to offer one point to supplement the analysis of petitioner's jury instructions challenge: Although "federal habeas relief does not lie for errors of state law," when reviewing the propriety of state court jury instructions, a habeas court must ask "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *See Estelle v. McGuire*, 502 U.S. 62, 67, 72 (1991); *see also Richardson v. Balicki*, No. 07-5519, 2008 WL 4691985, at *6 (D.N.J. Oct. 17, 2008) (reasoning that "the Due Process Clause is violated only where 'the erroneous

    2.      The petition for writ of habeas corpus is **DISMISSED** in part and the balance **DENIED**;

    3.      The Clerk shall **CLOSE** this case for statistical purposes; and

    4.      Petitioner having failed to make a substantial showing of the denial of a constitutional right, there is no ground to issue a certificate of appealability.

                                                                     s/ William H. Yohn Jr., Judge
                                                                       William H. Yohn Jr., Judge

---

instructions have operated to lift the burden of proof on an essential element of an offense as defined by state law'" (quoting *Smith v. Horn*, 120 F.3d 400, 416 (3d Cir. 1997))). Judge Strawbridge reaches the correct conclusion on page 13, note 13, finding that the state court did not err when it failed to give a self-defense instruction. Therefore, the state court's failure to instruct the jury on self-defense could not possibly "by itself so infect[] the trial" as to result in a violation of petitioner's federal due process rights. *Estelle*, 502 U.S. at 72. Petitioner's due process challenge fails accordingly.